IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOHN ALVIN BECK

        Plaintiff,

  v.

NEW YORK STATE ELECTRIC AND
GAS CORPORATION,

        Defendant.

Civil Action No.
3:18-CV-1131 (BKS/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

JOHN ALVIN BECK, *Pro se*
422 Champlin Road
Groton, NY 13073

FOR DEFENDANT:

[NONE]

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

    This is a civil rights action brought by plaintiff John Alvin Beck against a public utility company, the New York State Electric and Gas Corporation ("NYSEG"), pursuant to 42 U.S.C. § 1983. Accompanying plaintiff's complaint is a motion for leave to proceed in the action *in forma*

*pauperis* ("IFP").

Plaintiff's complaint and IFP application have been forwarded to me for review. Based upon consideration of those materials I grant his motion for leave to proceed without prepayment of fees, but recommend that his complaint be dismissed, with leave to replead.

I.   BACKGROUND

Plaintiff commenced this action on September 19, 2018. Dkt. No. 1. In his complaint plaintiff names NYSEG as the sole defendant, and complains that he has been insulted, refused service, and degraded as the result of his status as a senior citizen. *Id.* at 2-4. Plaintiff's claims center upon a letter received by him from NYSEG advising him that the utility company has been unable to read his meter based upon the lack of a passable pathway to the device. *See* Dkt. No. 1 at 6. As relief, plaintiff requests the following:

> I want justice. I want the court to protect my
> constitutional rights which [NYSEG] has violated
> and I want damages.

*Id.* at 5.

II.   DISCUSSION

   A.   Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the

statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1]

Plaintiff has submitted an IFP application to the court. Dkt. No. 2. Although not all of the inquires contained within that application are fully answered, from its context, the court assumes that plaintiff is not employed and that his sole sources of income are listed on his IFP application, and include (1) Social Security benefits in the amount of $767.00 per month, (2) $2100 per year in property rentals, and (3) $500 per year in lease payments. Dkt. No. 2. With that assumption, it appears that plaintiff qualifies for IFP status. Accordingly, his application for leave to proceed without prepayment of fees is granted.[2]

---

[1]   The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]   Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

3

B. <u>Standard of Review</u>

1. <u>Sufficiency of Plaintiff's Complaint</u>

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363

(2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the

adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis

In his complaint, plaintiff challenges the actions of defendant, which is a private, non-governmental entity. His claim is brought pursuant to 42 U.S.C. § 1983.

Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). It " 'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]' " *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.' " *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). State action is an essential element of any section 1983 claim. *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774,

776 (N.D.N.Y. 1994) (McAvoy, J.)). To survive scrutiny under section 1915(e) where a plaintiff has asserted a section 1983 claim, the complaint must allege facts that plausibly suggest state action on the part of the named defendants. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975) ("A private party violates [section] 1983 only to the extent its conduct involves state action."); *Wilson v. King*, No. 08-CV-0509, 2008 WL 2096593, at *1 (N.D.N.Y. May 16, 2008) (Sharpe, J.).

As a wholly private entity, absent some nexus to governmental control or other basis to conclude that NYSEG, when dealing with the plaintiff, was acting under color of state law, plaintiff's complaint is subject to dismissal. *First Ebenezer Baptist Church v. Consolidated Edison Co. of New York, Inc.*, 974 F.Supp. 283, 292 (S.D.N.Y. 1997) (noting that a state-regulated utility would not be considered a "state actor" absent a showing of "a sufficiently close nexus between the State and the challenged action of the regulated entity to say that the action of the utility may be fairly treated as that of the state itself."); *see also Cox v. Duke Energy, Inc.*, 876 F.3d 625, 632-34 (4th Circ. 2017) (dismissing a section 1983 claim against defendant *Duke Energy* based upon a lack of state action). Because plaintiff's complaint fails to disclose any basis upon which it could be found that NYSEG was acting under color of state law in its dealings with the

plaintiff at the relevant times, I recommend that his complaint be dismissed.

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."

9

*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, though extremely skeptical, the court cannot say with complete certainly that, if permitted to amend, plaintiff would be unable to establish the requisite state action sufficient to demonstrate a cognizable section 1983 claims. Accordingly, I recommend that leave to amend be granted.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that " 'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.' " *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts

demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

II.     SUMMARY, ORDER, AND RECOMMENDATION

Plaintiff's IFP application in this action demonstrates his entitlement to that status. Accordingly, I will grant his motion for leave to proceed without prepayment of fees. Turning to the merits of plaintiff's complaint, however, I find that it fails to allege the requisite state action necessary to support a claim under 42 U.S.C. § 1983. Accordingly, it is hereby

ORDERED, that plaintiff's IFP application (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED, that plaintiff's complaint in this action be (Dkt. No.

1) be DISMISSED, with leave to replead within thirty (30) days of the date of an order implementing this report and recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation on plaintiff in accordance with the court's local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   October 11, 2018
         Syracuse, New York

---

[3] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).